UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANCISCO CABALLERO HENRIQUEZ, on behalf of
himself and all other persons similarly situated,

                        Plaintiff,                        **COMPLAINT**

-against-

CENTURY CARRIERS, INC.,

                                                 *Class Action*

                       Defendant.
------------------------------------------------------------------------X

      Plaintiff, FRANCISCO CABALLERO HENRIQUEZ ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, CENTURY CARRIERS, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked for Defendant in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of the New York Labor Law ("NYLL").

      2.     Plaintiff seeks injunctive and declaratory relief, unpaid wages, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198.

## JURISDICTION AND VENUE

      3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff is a resident of the State of Connecticut.

6. Defendant is a domestic business corporation with its principal place of business located in Farmingdale, County of Suffolk and State of New York.

7. At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of New York Labor Law § 190(4).

8. At all times relevant, Defendant was an "employer" within the meaning of NYLL § 190(3).

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as an hourly-paid warehouse worker at Defendant's warehouse located in Farmingdale, New York from in or 2006 to in or about May 24, 2021.

10. Plaintiff's job duties included receiving deliveries, moving merchandise within the warehouse and loading and unloading trucks. Plaintiff's job duties required substantial periods of standing, walking and lifting.

11. During the six years prior to the commencement of this action until the present, Plaintiff and other Class Members spent more than twenty-five percent of their hours worked each week performing manual tasks.

12. During the six years prior to the commencement of this action, Defendant failed to pay Plaintiff and similarly situated persons who have worked for Defendant as hourly-paid

warehouse workers, drivers and helpers in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by NYLL § 191.  Instead, Defendant paid Plaintiffs and similarly situated persons on a bi-weekly basis pursuant to its payroll policy in violation of NYLL § 191.

13. Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek.  For example, during the pay period beginning November 29, 2020 and ending December 12, 2020, Plaintiff worked a total of 120.44 hours. Plaintiff regularly worked Monday through Saturday, 6 days per workweek.  Plaintiff began work each workday at 7:00 am.  The time that Plaintiff finished work varied from day-to-day but ranged between 5:00 pm and 8:00 pm Monday to Friday.  On Saturday Plaintiff worked until 12:00 pm or 1:00 pm.

14. During the six years prior to the commencement of this action, Defendant failed to pay Plaintiff and similarly situated persons overtime at a rate not less than one and one-half times the statutory minimum wage for hours worked in excess of 40 hours in a single workweek in violation of the NYLL and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

15. By way of example only, during the pay period beginning November 29, 2020 and ending December 12, 2020, Plaintiff worked a total of 120.44 hours.  Defendant paid Plaintiff for each of the 120.44 hours he worked during such period at his "straight-time" regular hourly rate of $16.00 for a total of $1,931.73 and failed to pay Plaintiff any premium overtime pay for those hours worked after 40 hours in a single workweek.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

16. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been,

3

employed by the Defendant as hourly-paid warehouse workers in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are at least 40 Class Members who have worked for Defendant as hourly-paid warehouse workers, drivers and helpers in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

18. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 40 individuals who are currently, or have been, employed by Defendant as hourly-paid warehouse workers, truck drivers and helpers at any time during the six (6) years prior to the filing of the initial Complaint.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of NYLL § 191, whether Defendant failed to pay Plaintiff and Class Members overtime for hours

worked in excess of 40 hours in a single work, and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

20. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

21. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

24. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

5

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

25.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

26.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

27.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FREQUENCY OF PAYMENT VIOLATION**

28.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29.     Plaintiff and Class Members are manual workers within the meaning of NYLL § 190(4).

30. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

31. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of New York Labor Law § 191.

32. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendant employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage rate in violation of New York Labor Law.

35. By Defendant's failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

36. Plaintiff and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL § 198;

(v.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vi.) Pre-judgment and post-judgment interest as permitted by law; and

(vii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
November 8, 2021

                LAW OFFICE OF PETER A. ROMERO PLLC

By:   */s Peter A. Romero*
       _____
       Peter A. Romero, Esq.
       490 Wheeler Road, Suite 250
       Hauppauge, New York 11788
       Tel. (631) 257-5588
       promero@romerolawny.com

       *Attorneys for Plaintiff*